UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDREW MACEWEN,

                Plaintiff,

  - against -

MARCO PAGANO, *et al.*,

                Defendants.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
19-CV-3693 (RRM) (LB)

ROSLYNN R. MAUSKOPF, Chief United States District Judge.

    *Pro se* plaintiff Andrew MacEwen, a former employee of the New York State Unified Court System ("UCS"), brings this *pro se* action pursuant to 29 U.S.C. §§ 621-634 ("ADEA") and 42 U.S.C. §§ 12112-12117 ("ADA"), seeking both reinstatement and damages for age and disability discrimination.  Although MacEwen's complaint named his former supervisor, Marco Pagano, as the only defendant, Magistrate Judge Bloom has liberally construed the pleading to name UCS as an additional defendant.  Presently before the Court is UCS's motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) on Eleventh Amendment grounds.  For the reasons stated below, UCS's motion to dismiss is granted.  MacEwen's claim for reinstatement against defendant Marco Pagano remains.

## BACKGROUND

    The following facts alleged in MacEwen's complaint are considered true for purposes of this motion to dismiss.  *See Stratte-McClure v. Morgan Stanley*, 776 F.3d 94, 97 n.1 (2d Cir. 2015).  MacEwen was employed by UCS as a clerical employee for approximately fourteen months.  (Compl. (Doc. No. 1) at 5.)  MacEwen first began working in the Orders of Protection Room in Nassau County Family Court in September 2017 for a one-year probationary period.  (*Id.*)  After scoring "satisfactory" in all but two areas, MacEwen's probationary period was

extended by six months. (*Id.*) MacEwen was then transferred to Pagano's department to meet the two standards that were deemed unsatisfactory and to learn court proceedings aside from Orders of Protection. (*Id.*) In November 2018, MacEwen was terminated. (*Id.*)

On approximately February 21, 2019, MacEwen filed a charge with the Equal Employment Opportunity Commission ("EEOC") regarding Pagano's conduct. (Compl. at 6.) On June 7, 2019, the EEOC issued a Right to Sue letter. (*Id.*)

On June 25, 2019, MacEwen filed the instant suit asserting ADA and ADEA claims. (Compl. at 3.) The complaint alleges that MacEwen suffers from general anxiety disorder and depression and claims that Pagano failed to accommodate his disability. (*Id.*) Specifically, Pagano failed to afford MacEwen extra time needed to absorb information due to the effects of his disability. (*Id.*) Unlike MacEwen's prior supervisor, Pagano failed to provide MacEwen with proper training and support despite the fact that MacEwen's new position under Pagano was more demanding. (*Id.*) MacEwen was also not given an intermediary review to allow him to address his shortcomings. (*Id.* at 5–6.) In addition, Pagano refused to give MacEwen time off after he sought it through a Family Medical Leave Act request, despite the request having been suggested by human resources in anticipation of absences from work due to diverticulitis in August 2018. (*Id.* at 6.) As a result, MacEwen alleges that he was discriminated against based on his disability or perceived disability. (*Id.* at 5.)

MacEwen also claims that Pagano discriminated against him on the basis of his age. (*Id.* at 6.) MacEwen, who was 47 years old at the time of the discrimination, highlights an incident when Pagano asked his age in front of a co-worker when correcting his work. (*Id.*) MacEwen seeks reinstatement and reimbursement of back pay. (*Id.* at 7).

In his complaint, MacEwen asserted claims only against Pagano. (*Id.* at 2) However, by order dated July 22, 2019, Magistrate Judge Bloom – noting that there is no individual liability under either the ADEA or the ADA – liberally construed the complaint to name Pagano's employer, UCS, as a defendant. (Order of 7/22/2019 (Doc. No. 4) at 1 n.1.) Magistrate Judge Bloom noted that UCS was copied on MacEwen's EEOC Right-to-Sue Letter. (*Id.*)

On December 13, 2019, UCS served its motion to dismiss MacEwen's claims pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction on the basis that MacEwen's claims are barred by the Eleventh Amendment. (Memorandum of Law in Support of Motion to Dismiss (Doc. No. 18) at 2.) UCS argues that it is an arm of the state, entitled to Eleventh Amendment immunity, and that no exception to the immunity applies. (*Id.* at 4.) In his opposition, MacEwen repeats his allegations but does not offer a reason why his claims against UCS are not barred by the Eleventh Amendment. (Opp. (Doc. No. 16).)

## STANDARD OF REVIEW

A district court must dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 418 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). Plaintiffs, even those proceeding *pro se*, bear the burden of proving that subject matter jurisdiction exists. *See Harrison v. New York*, 95 F. Supp. 3d 293, 311 (E.D.N.Y. 2015) ("Although courts hold *pro se* complaints to less stringent standards than formal pleadings drafted by lawyers, *pro se* litigants still must establish subject matter jurisdiction to proceed in federal court." (citations omitted)). In determining whether the plaintiff has met that burden, "[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but

jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted) (citations omitted).

In reviewing the complaint in this case, the Court is mindful that "[a] document filed *pro se* is to be liberally construed, . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). "[A] *pro se* complaint . . . should not [be] dismiss[ed] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)) (alterations in *Shomo*).

## DISCUSSION

The Eleventh Amendment of the United States Constitution bars "federal jurisdiction over suits against nonconsenting States." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000). A governmental entity is entitled to Eleventh Amendment immunity if it is considered an arm of the State. *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006).

There are three exceptions to Eleventh Amendment immunity. One exception applies "when Congress authorizes such a suit through enforcement of § 5 of the Fourteenth Amendment." *McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001). Another exception applies "where a state consents to being sued." *Id.* In order for a state to consent to suit, it must do so by explicitly and unequivocally waiving its immunity. *Trivedi v. N.Y.S. Unified Court System Office of Court Admin.*, 818 F. Supp. 2d 712, 722 (S.D.N.Y. 2011). The final exception is the *Ex*

4

*parte Young* doctrine, which permits a suit against a state official when that suit seeks prospective injunctive relief.  *See Ex parte Young*, 209 U.S. 123 (1908).

### A. Claims Against UCS

MacEwen's claims against UCS are dismissed pursuant to Rule 12(b)(1) because they are barred by the Eleventh Amendment.  The Second Circuit has held that "the New York State Unified Court System is unquestionably an 'arm of the state,' and is entitled to Eleventh Amendment sovereign immunity."  *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009).  None of the three well-recognized exceptions to Eleventh Amendment immunity apply to MacEwen's claims against UCS.

Neither the ADEA nor Title I of the ADA constitute a valid exercise of Congress' authority under § 5 of the Fourteenth Amendment.  The Supreme Court has held that "the ADEA is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment."  *Kimel*, 528 U.S. at 91.  Similarly, the Supreme Court has held that claims against the state based on Title I of the ADA are barred because Title I does not constitute a valid exercise of Congress' authority under § 5 of the Fourteenth Amendment sufficient to abrogate the state's Eleventh Amendment sovereign immunity.  *See Bd. of Tr. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).  Because Congress has not authorized such a suit through enforcement of § 5 of the Fourteenth Amendment, MacEwen's claims against UCS are not exempt from New York State's Eleventh Amendment immunity.

Additionally, UCS has not waived its Eleventh Amendment sovereign immunity or consented to suit in federal court on MacEwen's ADEA and ADA claims and therefore the exception on those grounds is inapplicable.  *Trivedi*, 818 F. Supp. 2d at 722 (collecting cases); *see Canales-Jacobs v. N.Y. State Office of Ct. Admin.*, 640 F. Supp. 2d 482, 498 (S.D.N.Y. 2009)

5

(finding that New York has not waived immunity with respect to ADEA claims); *see also Martin v. Baruch Coll.*, No. 10-CV-3915 (DAB), 2011 WL 723565, at *2 (S.D.N.Y. Feb. 18, 2011) (explaining that New York has not waived immunity with respect to ADA claims).

Finally, the *Ex parte Young* doctrine is inapplicable to MacEwen's claims against UCS because UCS is not an individual. As discussed more fully below, the *Ex parte Young* doctrine is only applicable to suits seeking declaratory and injunctive relief against state officials, not a branch of government like UCS.

Consequently, UCS is entitled to Eleventh Amendment sovereign immunity and MacEwen's claims against it are dismissed.

### B. Claims Against Pagano

In contrast, MacEwen's claim against Pagano falls within the *Ex parte Young* exception to Eleventh Amendment immunity, and survives dismissal. The *Ex parte Young* doctrine permits suits seeking prospective declaratory and injunctive relief against state officers. *See Ex parte Young*, 209 U.S. 123 (1908). MacEwen seeks reinstatement from Pagano, a state officer who is sued in his official capacity. The remedy sought is purely prospective, as it would require state officials to take future action to prevent present and future harm. *See Tsirelman v. Daines*, 794 F.3d 310, 314 (2d Cir. 2015) (reinstatement of license is prospective relief that is not barred by the Eleventh Amendment) (citing *Dwyer v. Regan*, 777 F.2d 825, 836 (2d Cir. 1985) (public employee's request for reinstatement or a hearing sought prospective injunctive relief)). Pagano is a state officer and is sued in his official capacity.

The Supreme Court, albeit in dicta, recognized the applicability of the *Ex parte Young* exception to bar Eleventh Amendment immunity in suits brought pursuant to Title I of the ADA by private individuals seeking injunctive relief.

> [o]ur holding here that Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I does not mean that persons with disabilities have no federal recourse against discrimination. Title I of the ADA still prescribes standards applicable to the States. Those standards can be enforced by the United States in actions for money damages, as well as by private individuals in actions for injunctive relief under *Ex parte Young*.

*Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 374 n.9 (2001). The Second Circuit has interpreted this footnote in *Garrett* as "reflect[ing] that the *Ex parte Young* exception to the Eleventh Amendment bar to suit is viable under the ADA." *Henrietta D. v. Bloomberg*, 331 F.3d 261, 288 (2d Cir. 2003) ("the *Ex parte Young* exception"); *see also Finch v. New York*, No. 10-CV-9691 (VB), 2012 WL 2866253, at *4 (S.D.N.Y. May 30, 2012) ("The Supreme Court has explicitly recognized that the Eleventh Amendment does not bar a suit under Title I of the ADA seeking prospective injunctive relief against an individual in his official capacity under the exception to sovereign immunity set forth in *Ex parte Young*"). Accordingly, MacEwen is not precluded from seeking reinstatement against Pagano, an individual state officer named in his official capacity from whom MacEwen seeks prospective injunctive relief.[1]

## CONCLUSION

For the reasons set forth above, UCS's motion to dismiss the action against it on the ground of Eleventh Amendment immunity is granted. Since Pagano does not enjoy such immunity with respect to MacEwen's claim for reinstatement, that claim against Pagano remains. The Clerk of Court is respectfully directed to mail a copy of this order to MacEwen and to note the mailing on the docket. This action is re-committed to the assigned magistrate judge for all

---

[1] It is unclear if Pagano is capable of providing the relief that MacEwen seeks, even though MacEwen identifies Pagano as his supervisor. As this action is re-committed to Magistrate Judge Bloom, Judge Bloom should explore with the parties whether to issue an order pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), to identify the individual who has the power to order MacEwen reinstated.

remaining pretrial proceedings, including settlement discussions as appropriate.

                                                          SO ORDERED.

Dated: Brooklyn, New York                     *Roslynn R. Mauskopf*
       September 29, 2020

                                                          _____
                                                          ROSLYNN R. MAUSKOPF
                                                          Chief United States District Judge